UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DWAYNE E. SCOTT,
  APPELLANT,

VS.

SUZANNE R. HASTINGS,
  APPELLEE,

CIVIL ACTION NO. 05-1719 UNA

APPEAL NO.

APPELLANT'S MOTION SEEKING ISSUE OF A CERTIFICATE OF PROBABLE CAUSE PURSUANT TO 28 U.S.C. § 2253 (1982) TO APPEAL

NOW INTO THE COURT, DWAYNE E. SCOTT (HEREAFTER, APPELLANT) PRO-SE RESPECTFULLY MOVES THIS HONORABLE DISTRICT COURT TO ISSUE A CERTIFICATE OF PROBABLE CAUSE PURSUANT TO 28 U.S.C. § 2253 (1982), QUOTED IN PERTINENT PART INFRA TEXT AT NOTE 12, TO APPEAL THE FINAL ORDER OF THIS DISTRICT COURT ON AUGUST 30, 2005 TO THE FEDERAL COURT OF APPEALS. AS GROUNDS FOR THIS MOTION APPELLANT STATES AS FOLLOWED:

## STATEMENT OF THE CASE

BACKGROUND

I.

APPELLANT, A DISTRICT OF COLUMBIA PRISONER, FILED A PRO-SE APPLICATION PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA OR IN LORTON REFORMATORY ON THE GROUNDS THAT APPELLANT IS BEING HELD UNLAWFULLY IN VIOLATION OF THE PROTECTION

-1-

AGAINST DOUBLE JEOPARDY, SEE RECORD 1.

THE HONORABLE DISTRICT COURT, SUA SPONTE, DISMISSED THE PETITION ON AUTHORITY THAT [A] CHALLENGE OF THIS NATURE MUST BE BROUGHT IN A HABEAS ACTION IN THE SUPERIOR COURT UNDER D.C. CODE § 23-110 (g). SEE RECORD 2. ON OR AROUND SEPTEMBER 14, 2005, APPELLANT NOTICED AN APPEAL ALLEGING INTER ALIA, THAT THE DISTRICT JUDGE DISMISSAL OF THE PETITION DENIED APPELLANT OF A FEDERAL RIGHT TO THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT ("HABEAS RULE 4"), AND (2) OTHERWISE ORDERING SOME SUPPLEMENTATION OF THE RECORD, SO THAT APPELLANT COULD HAVE MADE AN ASSERTION THAT D.C. CODE § 23-110 (g) REMEDY BY MOTION IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF APPELLANT'S DETENTION. APPELLANT NOW MOVES THIS DISTRICT COURT FOR A CERTIFICATE OF PROBABLE CAUSE.

II.

STANDARD OF REVIEW

CONGRESS HAS ORDAINED THAT AN APPEAL MAY NOT BE TAKEN TO [A FEDERAL] COURT OF APPEALS FROM THE FINAL ORDER IN A HABEAS CORPUS PROCEEDING WHERE THE DETENTION COMPLAINED OF ARISES OUT OF PROCESS ISSUED BY A STATE COURT. UNLESS THE JUSTICE OR JUDGE WHO RENDERED THE ORDER OR A CIRCUIT JUSTICE OR JUDGE ISSUE A CERTIFICATE OF PROBABLE CAUSE. SEE 28 U.S.C § 2253 (1982). QUOTED IN PERTINENT PART INFRA TEXT AT NOTE 12.[1] THIS REQUIREMENT IS BOTH MANDATORY AN JURISDICTIONAL. SEE e.g. MCCARTHY V. HARPER, SUPRA NOTE 8, 449 U.S. AT 1310-1311, 101 S.CT. AT 828, 66 L. Ed 2d AT 784 (THE CERTIFICATE NEED NOT,

- 2 -

HOWEVER, BE SOUGHT OR OBTAINED WITHIN THE TIME PRESCRIBED FOR FILING A NOTICE OF APPEAL. SEE KILLIE V. WAINWRIGHT, 464 F.2d 1245, 1248 (5TH CIR. 1972). CERT. DENIED, 409 U.S. 1129, 93 S.CT. 945, 35 L.Ed 2d 262 (1973).

---

\* SEE ALSO FED. R. APP. P. 22(b), PROVIDING:

  IN A HABEAS CORPUS PROCEEDING IN WHICH THE DETENTION COMPLAINED OF ARISES OUT OF PROCESS ISSUED BY A STATE COURT, AN APPEAL BY THE APPELLANT FOR THE WRIT MAY NOT PROCEED UNLESS A DISTRICT JUDGE ISSUES A CERTIFICATE OF PROBABLE CAUSE. IF AN APPEAL IS TAKEN BY THE [HABEAS CORPUS] APPLICANT (AS IN THIS CASE), THE DISTRICT JUDGE WHO RENDERED THE JUDGEMENT SHALL EITHER ISSUE A CERTIFICATE OF PROBABLE CAUSE OR STATE THE REASONS WHY SUCH A CERTIFICATE SHOULD NOT ISSUE. THE CERTIFICATE OR THE STATEMENT SHALL BE FORWARDED TO THE COURT OF APPEALS WITH THE NOTICE OF APPEAL AND THE FILES OF THE PROCEEDINGS IN THE DISTRICT COURT. IF THE DISTRICT JUDGE HAS DENIED THE CERTIFICATE, THE APPLICANT FOR THE WRIT MAY THEN REQUEST ISSUANCE OF THE CERTIFICATE BY A CIRCUIT JUDGE

APPELLANT ASSERTS THAT 28 U.S.C. § 2253 (1982) AND FED. R. APP. P. 22(b) WAS TO PREVENT FRIVOLOUS APPEALS FROM IMPEDING A STATE'S ABILITY PROMPTLY TO EFFECTUATE SENTENCES IMPOSED BY ITS COURTS THAT CONGRESS INSISTED THAT A STATE PRISONER OBTAIN A CERTIFICATE OF PROBABLE CAUSE TO PROCEED WITH A HABEAS CORPUS APPEAL[2]; IT IS GENERALLY AGREED THAT PROBABLE CAUSE REQUIRES SOMETHING MORE THAN THE ABSENCE OF FRIVOLITY [;] [IT] REQUIRES APPELLANT TO MAKE A SUBSTANTIAL SHOWING OF THE "DENIAL OF A FEDERAL RIGHT."

III.

### REASONS WHY ISSUE OF A CERTIFICATE OF PROBABLE CAUSE IS WARRENTED

APPELLANT ASSERTS THAT THE PROPER TREATMENT OF FEDERAL HABEAS PETITIONS FILED BY STATE PRISONERS (LIKE APPELLANT IN THIS CASE) IS SET FORTH IN THE RULES GOVERNING.

---

[2] DISTRICT OF COLUMBIA PRISONERS ARE "STATE" PRISONERS FOR PURPOSES OF THIS REQUIREMENT. STREATER V. UNITED STATES, 478 A.2d 1055, 1059 N.3 (D.C. 1984) (CONCURRING OPINION) (DISTRICT OF COLUMBIA PRISONER REQUIRED TO OBTAIN CERTIFICATE OF PROBABLE CAUSE).

SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT ("HABEAS RULES"). ALTHOUGH THE HABEAS RULES CONTEMPLATE MORE THAN THE "NOTICE" PLEADING ENVISIONED BY FEDERAL RULE OF CIVIL PROCEDURE, SEE HABEAS RULE 4 ADVISORY COMMITTEE NOTE, THEY DO NOT REQUIRE THAT THE APPELLANT PLEAD EVIDENTIARY NOR § 23-110 (g) DETAILS IN HIS PETITION. RATHER, THE HABEAS RULES REQUIRES THAT THE APPELLANT'S PETITION SET FORTH FACTS SUPPORTING THE GROUNDS OF THE PETITION "IN SUMMARY FORM". HABEAS RULE 2. IN ORDER THAT GOVERNMENTAL CUSTODIANS NOT BE OVERBURDENED BY THE NEED TO RESPOND TO PETITIONS THAT ARE FRIVOLOUS. HABEAS RULE 3(b) PROVIDES THAT "THE FILING OF THE PETITION SHALL NOT REQUIRE THE RESPONDENT TO ANSWER THE PETITION OR OTHERWISE MOVE WITH RESPECT TO IT UNLESS SO ORDERED BY THE COURT"; HABEAS RULE 4 PROVIDES IN PART THAT " IF IT PLAINLY APPEARS FROM THE FACE OF THE PETITION AND ANY EXHIBITS ANNEXED TO IT THAT THE APPELLANT IS NOT ENTITLED TO RELIEF IN THE DISTRICT COURT, THE JUDGE SHALL MAKE AN ORDER FOR ITS SUMMARY DISMISSAL AND CAUSE THE APPELLANT TO BE NOTIFIED.

SIMPLY PUT, THE THRUST OF HABEAS RULE 4, HOWEVER, IS THAT THE COURT IS TO 'ORDER A SUMMARY DISMISSAL WITHOUT REQUIRING A RESPONSE' ONLY WHEN THE PETITION IS "FRIVOLOUS". HABEAS RULE 4 ADVISORY COMMITTEE NOTE. A LEGAL POINT THAT IS ARGUABLE ON ITS MERITS IS BY DEFINITION NOT FRIVOLOUS. SEE ANDERS V. CALIFORNIA, 386 U.S. 738, 744, 18 L.ED 2d 493, 87 S.CT 1396 (1967) (AS IN THIS CASE).

APPELLANT ARGUE THAT HABEAS RULE 4 DOES NOT CONTEMPLATE THAT THE COURT WILL, WITHOUT REQUIRING A RESPONSE FROM THE CUSTODIAN OR OTHERWISE ORDERING SOME SUPPLEMENTATION OF THE RECORD, DECIDE APPELLANT'S PETITION ON ITS MERITS OR OTHERWISE WHEN THERE IS ANY CONSTITUTION CLAIM THAT, GIVEN THE FACTS SUMMARIZES IN THE PETITION, IS ARGUABLE ON ITS MERITS. THUS, THE COURT HAS RULED THAT SUMMARY DISMISSAL OF A HABEAS PETITION PRIOR TO REQUIRING A RESPONSE IS APPROPRIATE ONLY WHERE THE PETITION INDICATES "THAT APPELLANT CAN PROVE NO SET OF FACTS TO SUPPORT A CLAIM ENTITLING HIM TO RELIEF". WILLIAMS V. KULLMAN, 722 F.2d 1048, 1050 (2nd Cir. 1983) AND WHERE THE APPELLANT IS PRO-SE (AS IN THIS CASE), THE DISTRICT COURT "MUST REVIEW THE HABEAS PETITION WITH A LENIENT EYE, ALLOWING BORDERLINE CASES TO PROCEED". Id. IN SUM, THE "SUA SPONTE DISMISSAL OF APPELLANTS PRO-SE PETITION WHICH CONTAINED NON-FRIVOLOUS CLAIMS WITHOUT REQUIRING SERVICE UPON RESPONDENT OR GRANTING LEAVE TO AMEND WAS DISFAVORED BY THE COURT". MOORISH SCIENCE TEMPLE OF AMERICA, INC. V. SMITH, 693 F.2d 987, 990 (2nd CIR 1982).

IN THE PRESENT CASE, APPELLANT'S PETITION PLAINLY ASSERTED CLAIMS OF CONSTITUTIONAL MAGNITUDE REQUIRED BY HABEAS RULE 2. TO WIT, DENIAL OF THE PROTECTION AGAINST DOUBLE JEOPARDY. WHILE APPELLANT AGREE WITH THE DISTRICT COURT'S EVALUATION THAT [A] CHALLENGE OF THIS NATURE MUST BE BROUGHT IN A HABEAS ACTION IN THE SUPERIOR COURT UNDER D.C. CODE § 23-110(g) WHICH PROVIDES: [AN] APPLICATION FOR A WRIT OF HABEAS CORPUS IN BEHALF OF A PRISONER WHO IS AUTHORIZED

-6-

TO APPLY FOR RELIEF BY MOTION PURSUANT TO THIS SECTION, SHALL NOT BE ENTERTAINED BY... ANY FEDERAL... COURT IF IT APPEARS... THAT THE SUPERIOR COURT HAS DENIED HIM RELIEF, UNLESS IT ALSO APPEARS THAT THE REMEDY BY MOTION IS "INADEQUATE OR INEFFECTIVE" TO TEST THE LEGALITY OF HIS DETENTION. HOWEVER, THE DISTRICT COURT'S REJECTION OF THE PETITION ON THE ABOVE GROUNDS, WOULD HAVE BEEN APPROPRIATE IF NO SUCH EXPLANATIONS HAD BEEN FORTHCOMING AFTER THE STATE HAD RESPONDED AND APPELLANT HAD BEEN GIVEN AN OPPORTUNITY TO ARGUE THAT "D.C. CODE § 23-110 (g) IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF HIS DETENTION" IN DETAIL, BUT THE HABEAS RULES DO NOT REQUIRE THAT THE PETITION ITSELF CONTAIN EVIDENCE OR EXPLANATIONS OF A SHOWING OF INADEQUATE OR INEFFECTIVE, AND AT THE PLEADING STAGE (WITHOUT ANY ARGUMENT FROM RESPONDENT) IT MUST BE REGARDED AS AT LEAST ARGUABLE THAT SECTION § 23-110 (g) WAS INADEQUATE OR INEFFECTIVE. SEE HABEAS RULES (RULES PROCEEDINGS REQUIRES RESPONDENT TO STATE WHETHER APPELLANT HAS EXHAUSTED HIS STATE REMEDIES AND IF STATE DOES NOT CATEGORICALLY ANSWER TO SUCH QUESTION WILL RAISE WAIVER QUESTION DIRECTLY BEFORE TIME OF LITIGANTS AND DISTRICT COURT AS SPENT ON MERITS. MCGEE V. ESTELLE (1984. CA5 TEX) 722 F.2d 1206) (EMPHASIS ADDED).

NOR WAS IT APPROPRIATE THE DISTRICT COURT ADDED REASONS FOR INSTANTLY DISMISSING THE APPELLANT'S PETITION, I.E., A CHALLENGE OF THIS NATURE MUST BE BROUGHT IN A HABEAS ACTION IN THE SUPERIOR COURT UNDER D.C. CODE § 23-110 (g). THERE'S NO

-7-

INDICATION THAT THE DISTRICT COURT HAD BEFORE IT OR OTHERWISE THAT D.C. CODE § 23-110(g) IS NOT INADEQUATE OR INEFFECTIVE OTHER THAN THE EXCERPTS QUOTED IN THE PETITION, AND APPELLANT KNOW OF NO, AND THE DISTRICT COURT HAS NOT CITED, NO PER SE RULE THAT APPELLANT MUST ESTABLISH THAT THE LOCAL REMEDY UNDER D.C. CODE § 23-110(g) WAS INADEQUATE OR INEFFECTIVE WITHIN HIS HABEAS APPLICATION BECAUSE THE HABEAS RULE DOES NOT REQUIRE APPELLANT TO DO SO.

APPELLANT ARGUE THAT THE COURT'S SUMMARY DISMISSAL OF THE HABEAS PETITION, AT BEST, WAS PREMATURE, DENYING APPELLANT OF A FEDERAL RIGHT UNDER THE RULES SET FORTH IN THE RULES GOVERING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT (HABEAS RULE). WILLIAMS V. KULLMAN, 722 F.2d 1048, 1050 (2nd Cir 1983). WHILE IT MAYBE, AS THE DISTRICT COURT STATED THAT APPELLANT HAS NO RECOURSE TO A FEDERAL JUDICIAL FORUM UNLESS D.C. CODE § 23-110(g) IS SHOWN TO BE 'INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF APPELLANT'S DETENTION. SEE BYRD V. HENDERSON, 119 F.3d 34, 36-37 (D.C. CIR 1997), THE COURT DID NOT HAVE BEFORE IT ANY RECORDS THAT § 23-110(g) IS NOT INADEQUATE OR INEFFECTIVE. THUS, APPELLANT ASSERTS THAT A MORE FULLY RECORD WOULD HAVE REVEAL THAT § 23-110(g) IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF APPELLANT'S DETENTION. THEREFORE, UNDER HABEAS RULE APPELLANTS PETITION WAS PROPER BEFORE THE DISTRICT COURT.

## CONCLUSION

Appellant asserts that based upon the above stated reasons he has made a substantial showing of a denial of a federal right under the Rules Governing Habeas Corpuses § 2254 cases in the United States District Courts (Habeas Rule 4) and moves this Honorable Court to issue a Certificate of Probable Cause to appeal to the United States Court of Appeals.

Respectfully submitted,
/s/ Dwayne Scott
Dwayne E. Scott PRO-SE
Fed No. 12002-007
U.S.P. Big Sandy
P.O. 2068
Inez, Kentucky 41224

9/18/2005
DATE!

## CERTIFICATION

I hereby certify that one true copy of Appellant's Motion seeking a Certificate of Probable Cause has been mail via Institution Prison Legal Mail to the Clerk of Courts for the United States District Court for the District of Columbia on this 18 day of September, 2005.

Respectfully submitted,
/s/ Dwayne E. Scott
Dwayne E. Scott PRO-SE