# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 05-5364**  **September Term, 2005**

05cv01719

**Filed On:**

Dwayne E. Scott,
    Appellant

v.

Suzanne R. Hastings,
    Appellee



**BEFORE:**   Ginsburg, Chief Judge, and Tatel and Garland, Circuit Judges

### ORDER

Upon consideration of the motion for appointment of counsel, and appellant's brief, which the court construes as including a request for a certificate of appealability, it is

**ORDERED** that the motion for appointment of counsel be denied. The interests of justice do not warrant appointment of counsel in this case. See 18 U.S.C. § 3006A(a)(2)(B). It is

**FURTHER ORDERED** that the request for a certificate of appealability be denied. See 28 U.S.C. § 2253(c). Because appellant has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability is warranted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Appellant may not challenge his District of Columbia conviction in federal court unless his remedy under D.C. Code § 23-110(g) is inadequate or ineffective to test the legality of his detention. See, e.g., Blair-Bey v. Quick, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998). The § 23-110 remedy, however, is not considered inadequate or ineffective simply because the requested relief has been denied. See Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. Because no certificate of appealability has been allowed, no mandate will issue.

**Per Curiam**

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk